IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Marcia S. Krieger

Civil Action No. 18-CV-0618-MSK-STV

SIRAAJ AL-BAAJ,

    Plaintiff,

*v.*

DEAN BENNETT,

    Defendant.

---

**OPINION AND ORDER ON MOTION FOR SUMMARY JUDGMENT**

---

**THIS MATTER** comes before the Court on the Defendants' Motion for Partial Summary Judgment (**# 45**), the Plaintiff's Response (**# 50**), and the Defendants' Reply (**# 59**). For the following reasons, the Motion is granted, in part.

## I. JURISDICTION

The Court exercises jurisdiction under 28 U.S.C. § 1331.

## II. BACKGROUND[1]

The facts in this matter can be briefly summarized. On March 17, 2017, Plaintiff Siraaj Al-Baaj attended an event at the Broomfield Event Center in Broomfield, Colorado. Mr. Al-Baaj had a panic attack and exited the event. The Center's private security staff told Mr. Al-Baaj he would be able to reenter the event, but when he attempted to do so, Defendant Dean Bennett, an officer with the Broomfield Police Department, prevented him from doing so.

---

[1] The Court recounts the undisputed facts and the disputed facts in the light most favorable to Mr. Al-Baaj, the nonmoving party. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

According to Mr. Al-Baaj, Officer Bennett grabbed his arm, put his hands behind his back, then pushed Mr. Al-Baaj through the Center's doors and bodyslammed him to the ground. Then Officer Bennett flipped Mr. Al-Baaj onto his stomach and multiple officers held him down while Officer Bennett handcuffed him in a manner that left red marks on his wrists, as well as scrapes and lacerations on his elbow and shoulder.

Mr. Al-Baaj brought this suit in March 2018. Following a stipulation dismissing claims against other defendants (# **41**), the Complaint (# **1**) alleges one claim of use excessive force by Officer Bennett in violation of Mr. Al-Baaj's Fourth Amendment rights, brought under 42 U.S.C. § 1983. Officer Bennett moves for summary judgment on this claim as to the manner of handcuffing, but not as to the bodyslam (# **45**).

### III. LEGAL STANDARD

Rule 56 of the Federal Rules of Civil Procedure facilitates the entry of a judgment only if no trial is necessary. *See White v. York Int'l Corp.*, 45 F.3d 357, 360 (10th Cir. 1995). Summary adjudication is authorized when there is no genuine dispute as to any material fact and a party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Substantive law governs what facts are material and what issues must be determined. It also specifies the elements that must be proved for a given claim or defense, sets the standard of proof, and identifies the party with the burden of proof. *See Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986); *Kaiser-Francis Oil Co. v. Producer's Gas Co.*, 870 F.2d 563, 565 (10th Cir. 1989). A factual dispute is "genuine" and summary judgment is precluded if the evidence presented in support of and opposition to the motion is so contradictory that, if presented at trial, a judgment could enter for either party. *See Anderson*, 477 U.S. at 248. When considering a summary judgment motion, a

court views all evidence in the light most favorable to the non-moving party, thereby favoring the right to a trial. *See Garrett v. Hewlett Packard Co.*, 305 F.3d 1210, 1213 (10th Cir. 2002).

If the movant has the burden of proof on a claim or defense, the movant must establish every element of its claim or defense by sufficient, competent evidence. *See* Fed. R. Civ. P. 56(c)(1)(A). Once the moving party has met its burden, to avoid summary judgment the responding party must present sufficient, competent, contradictory evidence to establish a genuine factual dispute. *See Bacchus Indus. Inc. v. Arvin Indus. Inc.*, 939 F.2d 887, 891 (10th Cir. 1991); *Perry v. Woodward*, 199 F.3d 1126, 1131 (10th Cir. 1999). If there is a genuine dispute as to a material fact, a trial is required. If there is no genuine dispute as to any material fact, no trial is required. The court then applies the law to the undisputed facts and enters judgment.

If the moving party does not have the burden of proof at trial, it must point to an absence of sufficient evidence to establish the claim or defense that the non-movant is obligated to prove. If the respondent comes forward with sufficient competent evidence to establish a *prima facie* claim or defense, a trial is required. If the respondent fails to produce sufficient competent evidence to establish its claim or defense, then the movant is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986).

## IV. DISCUSSION

The Court reads the Complaint to allege a single claim for excessive force against Officer Bennett based on his entire course of conduct during the parties' brief interaction, arguing that the use of any force *and* the amount of force used were unreasonable. Without any amendment to the Complaint, the parties (including Mr. Al-Baaj) appear to read it differently, with the handcuffing separate from the bodyslam, focusing only on the amount of force used. (*See* ## **45**

3

**at 4–6**; **50 at 4–16**.) Because the Complaint does enumerate the manner of handcuffing as a source of excessive force (**# 1 ¶¶ 9, 33**), the Court deems the Complaint amended by the parties' agreement under Rule 15. *See* Fed. R. Civ. P. 15(a)(2).

**A. Qualified Immunity for Handcuffing**

Office Bennett invokes the doctrine of qualified immunity. Qualified immunity protects individual state actors from civil liability if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Messerschmidt v. Millender*, 565 U.S. 535, 546 (2012). Because of the underlying purposes of qualified immunity, the Court treats qualified-immunity questions differently from other questions on summary judgment. *See Thomas v. Durastanti*, 607 F.3d 655, 662 (10th Cir. 2010). After a defendant asserts qualified immunity, the burden shifts to the plaintiff, who must: (1) show facts that "make out a violation of a constitutional right," and (2) establish that, at the time of the conduct at issue, it was clearly established under existing law that the defendant's conduct breached the constitutional right. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). The Court may address these questions in whichever order is best suited to the case. If the plaintiff fails to satisfy either prong of this inquiry, the Court "must grant the defendant qualified immunity." *Holland ex rel. Overdorff v. Harrington*, 268 F.3d 1179, 1186 (10th Cir. 2001). However, if the plaintiff establishes the violation of a clearly established right, it becomes the defendant's burden to prove is no genuine issue of material fact and that she is entitled to judgment as a matter of law. *Medina v. Cram*, 252 F.3d 1124, 1128 (10th Cir. 2001).

For all practical purposes, the question of whether the evidence shows violation of a constitutional right is indistinguishable from the inquiry that the Court would make in determining whether the Plaintiff has come forward with sufficient evidence to establish a *prima*

*facie* claim in accordance with Rule 56. The plaintiff must show sufficient evidence to demonstrate the existence of a cognizable claim. The Court considers the evidence in the light most favorable to the plaintiff and assesses whether it is sufficient to demonstrate the violation of a constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

The "clearly established" inquiry focuses on whether the contours of the constitutional right were so well-settled in the context of the particular circumstances, that a "reasonable official would have understood that what he is doing violates that right." *Reichle v. Howards*, 132 S. Ct. 2088, 2093 (2012). To satisfy this prong, the burden is on the plaintiff to point to Supreme Court or Tenth Circuit precedent (or the clear weight of other circuit courts) that recognizes an actionable constitutional violation in the circumstances presented. *Schwartz v. Booker*, 702 F.3d 573, 587–88 (10th Cir. 2012); *see also Thomas*, 607 F.3d at 669 (plaintiff bears the burden of citing to requisite authority). It is not necessary for the plaintiff to point to a case with identical facts, but he must identify some authority that considers the issue "not as a broad general proposition," but in a "particularized" sense — for example, it is not sufficient to ask whether it is "clearly established" that the Fourth Amendment prohibits the use of excessive force in effecting an arrest; rather, the court examines whether that constitutional principle has previously been found to prohibit particular conduct. *See, e.g.*, *Brosseau v. Haugen*, 543 U.S. 194, 198–200 (2004).

With these considerations in mind, the Court turns to Mr. Al-Baaj's claim that Officer Bennett employed excessive force when handcuffing him. The Court begins with a determination of whether evidence sufficient to establish a *prima facie* claim has been shown.

Excessive force claims are governed by the Fourth Amendment's objective-reasonableness standard. *Cavanaugh v. Woods Cross City*, 625 F.3d 661, 664 (10th Cir. 2010). Under this standard, "the question is whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). The Court does not inquire into the subjective intent or motivation of the officer in administering the force, and it examines the apparent need for the use of force based on the circumstances as they appeared to officers on the scene, not through a *post hoc* review of the situation in hindsight. *Id*. at 396–97; *Jiron v. City of Lakewood*, 392 F.3d 410, 414–15, 418 (10th Cir. 2004).

The Court in *Graham* set forth three non-exhaustive factors for determining whether the use of force in a particular case was reasonable: (1) "the severity of the crime at issue," (2) "whether the suspect poses an immediate threat[2] to the safety of the officers or others," and (3) "whether the person is actively resisting arrest or attempting to evade arrest by flight." *Graham*, 490 U.S. at 396; *Morris v. Noe*, 672 F.3d 1185, 1195 (10th Cir. 2012). In evaluating these factors, the Court looks for evidence in the record beyond the statement of the Plaintiff.

Here, Mr. Al-Baaj was charged with a misdemeanor violation of Broomfield's municipal code — Section 9-02-020(a), Interference with Police Officers (**# 50-1**). This charge is a minor offense, causing the first factor to tip toward Mr. Al-Baaj. As to threat, Mr. Al-Baaj points to evidence showing that Officer Bennett had no suspicion he was armed and had not observed him acting in a threatening manner, so the threat factor also weighs in favor of Mr. Al-Baaj as well.

---

[2] Even more factors exist to determine the degree of threat posed to officers when force was used: "(1) whether the officers ordered the suspect to drop his weapon, and the suspect's compliance with police commands; (2) whether any hostile motions were made with the weapon towards the officers; (3) the distance separating the officers and the suspect; and (4) the manifest intentions of the suspect." *Estate of Larsen ex rel. Sturdivan v. Murr*, 511 F.3d 1255, 1260 (10th Cir. 2008).

(*See* **# 50-4 at 40:10–21**, **87:16–18**.)  Finally, Mr. Al-Baaj testified in his deposition that he did not resist the arrest.  (**# 50-3 at 48:19–22**.)  Viewing this evidence in the light most favorable to Mr. Al-Baaj, a reasonable jury could conclude that the use of force was unreasonable.

But the *Graham* factors are subject to a caveat in cases challenging the manner of handcuffing.  Though even a permissible handcuffing may constitute excessive force if an unreasonable degree of force was applied, in these cases, "an examination of the resulting injury supplements" *Graham* to fill an "analytical void that *Graham* left open."  *Koch v. City of Del City*, 660 F.3d 1228, 1247 (10th Cir. 2011).  The focus of the handcuffing claim is not the fact of the handcuffing, but instead the degree of force used in applying them.  To succeed on his claim, Mr. Al-Baaj must show an actual injury, be it physical or emotional, that is not *de minimis*.  *Id*.  Importantly, this inquiry is evidence-based, looking at what medical records reveal about the plaintiff's physical or emotional injuries.  *Id*.

In *Koch*, medical records revealed only "superficial abrasions" on the plaintiff's wrists and arms four days after the use of force and later records noted only complaints of numbness in her wrist and forearm.  660 F.3d at 1248.  As to the latter, the treating physician referred the plaintiff to a neurologist but there was no evidence that she ever saw this neurologist.  The Tenth Circuit held that these injuries were *de minimis* and thus not a cognizable basis for an excessive-force claim.  This holding was dispositive of the entire claim notwithstanding the weight of the preceding *Graham* factors.

Mr. Al-Baaj offers as evidence photographs showing only redness on his wrists (**# 50-5 at 1–3**, **10–11**), which is the exact sort of injury found to be *de minimis* in *Koch*.  These photographs do not show, as Mr. Al-Baaj contends, lacerations or scrapes on his wrists.  A contemporaneous medical assessment includes no discharge instructions for his wrists.  (**# 50-7**

7

**at 2**.) To the extent that Mr. Al-Baaj blames injuries to his *hands* on tight handcuffing, medical records reveal an abrasion on his right hand (**# 50-7 at 2**) and x-rays of his hand were unremarkable, showing no fracture, no "acute bone abnormality", and well-maintained joint spacing (**# 50-7 at 5–6**). And just like the plaintiff in *Koch*, even though Mr. Al-Baaj was given a list of medical providers in case he needed additional treatment, he never saw any of these providers because "I didn't feel like I had to follow up with my wrists." (**# 45-2 at 170:13–20**.) Even viewed in the light most favorable to Mr. Al-Baaj, these injuries are *de minimis*.

Thus, while the result may have been different if Mr. Al-Baaj alleged a single claim of excessive force based on a single course of conduct, the Court concludes that Mr. Al-Baaj has not come forward with *prima facie* evidence of excessive force in violation of his Fourth Amendment rights as to the handcuffing. The Court need not address the clearly-established prong, particularly because *Koch* clearly establishes Officer Bennett's conduct was reasonable as stated.

**B. Failure to Train**

The parties appear to believe that Mr. Al-Baaj's claim for excessive force extends to the City and County of Broomfield (or its Police Department) on a failure-to-train theory. This is apparently based on an email sent by counsel for Mr. Al-Baaj. (**# 45-1**). But based on the record before the Court, there does not appear to be such a claim.

The Complaint does not name the City and County of Broomfield as a party (**# 1 ¶ 6**) and no relief is sought from it. The only mention of training is to allege that any officer with adequate training would have known that the force used was excessive (**# 1 ¶ 45**). Thus, there does not appear to be a cognizable claim alleged against the City and County of Broomfield. Even if a claim was stated, it does not appear that the Court has any personal jurisdiction over

the City.  The record does not reflect service of a summons and complaint on the City, nor that it has entered an appearance in this matter.  (*See* ## **6**, **7** (reflecting service only on Officer Bennett and another officer who is no longer a defendant).)  The claim against Officer Bennett in his official and individual capacity does not automatically constitute a claim against the City.  The Complaint contains no allegations that Officer Bennett has any authority over officer training or otherwise has the authority to make decisions that bind the City as a municipality.

Unlike the parties' agreed amendment of the Complaint to bifurcate the claim for excessive force against Officer Bennett into two claims based on the bodyslam and handcuffing, which the Court may deem amended under Rule 15, the Court cannot deem an amendment based on their agreement to add a completely different claim that was not referenced in the Complaint against a nonparty that was never served.  No claim for failure to train exists against any defendant.

## V. CONCLUSION

For the foregoing reasons, the Defendant's Motion for Partial Summary Judgment (# **45**) is **GRANTED IN PART**.  The Plaintiff's claim for excessive force based on the manner of handcuffing is **DISMISSED**.  The Motion is **DENIED** in all other respects.  The parties shall jointly contact chambers within 14 days of this order to schedule the final pretrial conference.

Dated this 20th day of September, 2019.

**BY THE COURT:**

_/s/ Marcia S. Krieger_

Marcia S. Krieger
Senior United States District Judge