**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Daniel D. Domenico**

Civil Action No. 1:18-cv-00618-DDD-STV

SIRAAJ AL-BAAJ,

    Plaintiff,

v.

DEAN BENNETT,

    Defendant.

---

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO EXCLUDE EXPERT OPINIONS**

---

Defendant Dean Bennett's Motion to Exclude Expert Opinions comes before the Court after Plaintiff Al-Baaj's original expert in police practices, Mr. Montgomery, became unavailable and he retained a new expert, Natasha Powers. (Doc. 150.) Officer Bennett has had the opportunity to review Ms. Powers's written report and depose her. (*See Id.*) Officer Bennett does not object to the substitution of experts in general, but contends that certain opinions Ms. Powers proposes to testify to were not included in the previous expert's report and thus should be excluded. (*Id.*) The Court agrees in part.

### DISCUSSION

Officer Bennett seeks to exclude expert testimony regarding Crisis Intervention Teams ("CIT") training and de-escalation because, he argues, such opinions were not addressed by the previous expert, and he will be prejudiced by their introduction at trial. (*Id.* at pp. 2, 4.)

- 1 -

Substitution of an expert near the commencement of trial is permissible when, for all intents and purposes, that expert becomes unavailable. *See Baumann v. Am. Fam. Mut. Ins. Co.*, 278 F.R.D. 614, 616 (D. Colo. 2012). But the substitution of a new expert should not be a "windfall" for the proponent of that witness. *Sinclair Wyo. Ref. Co. v. Pro-Inspect, Inc.*, 2014 U.S. Dist. LEXIS 199437, at *8 (D. Wyo. Jan. 29, 2014). Courts consider four factors when determining whether new testimony is proper to admit: the prejudice or surprise to the opposing party, the ability to cure the prejudice, the extent of the disruption on trial, and whether the moving party acted in bad faith. *Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999). The parties predominately contest the prejudice factor. (Docs. 150 at p. 2; 155 at p. 7.) When analyzing whether to admit the opinions of a substitute expert witness, the Court examines whether there has been a "meaningful change in testimony." *Sinclair*, 2014 U.S. Dist. LEXIS 199437, at *8. A meaningful change in testimony does not require the opinion to be identical. *See Ferrara & Dimercurio v. St. Paul Mercury*, 240 F.3d 1, 10 (1st Cir. 2001). A party is not materially prejudiced by an opinion that merely departs from the general scheme or only expands the scope. *Id.*

### A. CIT Training

During Ms. Powers's deposition, she opined that a reasonable officer in Officer Bennett's position would have recognized that Mr. Al-Baaj was in a state of crisis and used CIT training to handle the situation. (Powers Dep. 56, Sept. 15, 2021.) CIT training is designed to help law enforcement officials respond to "crisis situations involving mentally ill subjects." Colorado POST Training description for Crisis Intervention, https://www.coloradosheriffs.org/crisis-intervention-teams. But, Officer Bennett argues, CIT was never mentioned by Mr. Al-Baaj's previous

expert and thus Officer Bennett will be prejudiced by admitting this opinion. (Doc. 150 at pp. 2-3.) Officer Bennett is correct. Mr. Al-Baaj's previous expert never addressed the applicability of CIT in these circumstances. Mr. Al-Baaj nevertheless argues that Ms. Powers's discussion of CIT is not a meaningful change in testimony from the previous expert's opinion.

Mr. Al-Baaj's first expert characterized part of his opinion as "talking about basic fundamental police tactics." (Montgomery Dep. 40, April 19, 2019.) This included addressing the need for Officer Bennett to call for backup and engage in conversation with Mr. Al-Baaj. (*Id.*) While these tactics would also seem to be part of CIT, CIT is a specific approach with specific meaning that is simply not co-extensive with "basic fundamental police tactics." Indeed, as Mr. Al-Baaj notes, CIT training is decades old (Doc. 155 at p. 5.). So, if Mr. Montgomery, like Ms. Powers, had believed it was something any reasonable officer should have applied in these circumstances, he could have said so. The idea that CIT is not meaningfully different from basic fundamental tactics is further undermined by the fact that Colorado's legislature felt it necessary to mandate CIT training – but not until after the March 2017 incident at issue in this case. *See* C.R.S. § 24-31-315 (implementing CIT training requirement on July 1, 2017). CIT is a specific method of responding to a potential mental health crisis that has significant meaning beyond that expressed by Mr. Montgomery. CIT testimony would go beyond the general scheme of the previous expert's opinion.

Ms. Powers acknowledged the differences between her opinion and the previous expert's opinion, stating "I don't think Mr. Montgomery recognized Mr. Al-Baaj in his circumstances as I described him earlier" (Powers Dep. 73, Sept. 15, 2021.) and that "some of my opinions are different; some are similar." (*Id.* at 58.) This difference, Officer Bennett

maintains, is prejudicial because he is unable to get a CIT expert this close to trial and he would have pursued a Rule 35 mental health evaluation of Mr. Al-Baaj had he known that CIT would be discussed. (Doc. 150 at p. 3.) The Court agrees. Allowing testimony on a specific training tactic, which was not mentioned or discussed by the originally-disclosed expert, this close to trial, would be prejudicial to Officer Bennett.

This highlights, moreover, that CIT is meant to address police interactions with mentally ill individuals. Ms. Powers's reliance on it would thus inevitably raise issues of Mr. Al-Baaj's mental health, which his counsel has explicitly stipulated he was not putting at issue, and which is, as Ms. Powers herself notes, also beyond Mr. Montgomery's opinion. (Powers Dep. 73, Sept. 15, 2021.)

Mr. Al-Baaj nevertheless argues that "[a]ny cross-examination on these topics will likely open the door to redirect/rebuttal on the topics defendant presently seeks to exclude." (Doc. 155 at p. 7.) Perhaps. But the Court will not guess at how Officer Bennett chooses to conduct his cross-examination of Ms. Powers. If Officer Bennett opens to the door into CIT training at trial, the Court will evaluate the situation then.

Ms. Powers's expert opinion regarding CIT training is excluded from evidence because it is a meaningful change in testimony from the previous expert and materially prejudicial to Officer Bennett.

### B. De-escalation

Officer Bennett also asserts that Ms. Powers's opinion on de-escalation should be excluded because it "apparently flows again from CIT training." (Doc. 150 at p. 4.) In the previous expert's report, there is no mention of "de-escalation." (*Id.* at pp. 4-5.) True. But Officer Bennett misconstrues the standard. A substitute expert's opinion does not have

to be an exact match. *Ferrara & Dimercurio*, 240 F.3d at 10. Instead, it just needs to be "similarly applicable." *Sinclair*, 2014 U.S. Dist. LEXIS at *7-8.

Unlike Ms. Powers's CIT opinion, which is a meaningful change from the previous expert's opinion, Ms. Powers's discussion of de-escalation is not a meaningful change from Mr. Montgomery's opinion, which fairly encompassed the concept of de-escalation, if not the word. Mr. Montgomery, for example, asserted that Officer Bennett should have "engage[d] [Mr. Al-Baaj] in conversation" and acted as a "salesman with this guy until you get your backup there." (Montgomery Dep. 40, April 19, 2019.) Similarly, Ms. Powers stated that under the circumstances "you call for backup. Then you engage the person in active conversation." (Powers Dep. 56, Sept. 15, 2021.) This is not a meaningful change in testimony that will prejudice Officer Bennett. Ms. Powers's opinion regarding de-escalation, to the extent it does not bring in CIT training, is admissible.

## CONCLUSION

Officer Bennett's motion to exclude expert testimony (Doc. 150) is GRANTED in part and DENIED in part. SO ORDERED

DATED: September 24, 2021         BY THE COURT:

　　　　　　　　　　　　　　　　　　　　　　
                                  Hon. Daniel D. Domenico